IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDSAY PENHALL,<br><br>                Plaintiff,<br>v.<br><br>YOUNG LIVING ESSENTIAL OILS,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [80] MOTION TO AMEND<br><br>Case No. 2:20-cv-00617-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 50). Before the court is Plaintiff Lindsay Penhall's (Plaintiff or Penhall) Motion for Leave to Amend Complaint (Motion to Amend) to add two new plaintiffs (ECF 80). Defendant Young Living Essential Oils (Defendant) opposes this request on the grounds of futility (ECF 82). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court will GRANT the Motion.

    **I.    BACKGROUND**

Plaintiff initiated this class action suit in the Southern District of California (ECF 1). Shortly thereafter, Plaintiff filed her First Amended Complaint (ECF 4) as a matter of course in accordance with Federal Rule of Civil Procedure 15(a)(1)(A). Defendant filed a motion to dismiss or transfer for improper venue (ECF 10), and the case was subsequently transferred to this court in August of 2020 (ECF 36, 37). Defendant then filed a Motion to Dismiss or Stay and Compel Arbitration (Motion to Dismiss) based on an arbitration provision in a 2019 distributor agreement (ECF 68). Plaintiff thereafter filed the instant Motion and a motion to stay briefing

and decision on the Motion to Dismiss (ECF 79), which the court granted (ECF 81).  Due to the pending Motion to Dismiss which was stayed, no scheduling order has been entered in this case.

## II.     LEGAL STANDARDS

Having already amended the complaint as a matter of course, Plaintiff may amend "only with the opposing party's written consent or the court's leave" pursuant to Federal Rule of Civil Procedure 15(a)(2).  "Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits."  *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## III.    DISCUSSION

Plaintiff seeks leave to file a Second Amended Complaint for the purpose of adding Sarah Maldonado (Maldonado) and Tiffanie Runnels (Runnels) as plaintiffs (ECF 80 at 1).  Defendant argues amendment is futile because (1) Runnels' claims fall outside the class period; (2) Runnels' claims are barred by the applicable statutes of limitation; (3) Maldonado's claims are barred by a class action waiver; and (4) and Runnels' and Maldonado's claims are barred by arbitration provisions (ECF 82 at 2).  Plaintiff responds that due to evidentiary disputes

Defendant's futility arguments would be more properly addressed through dispositive motions (ECF 83 at 8).

Courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind*, 466 F.3d at 1199). However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (citing *Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-0023-CMA-MJW & 16-cv-01215-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court agrees that Defendant's futility arguments would be more properly addressed in the context of dispositive motions rather than the instant Motion to Amend. Defendant's arguments regarding the enforceability of the arbitration provision as to Penhall in the Motion to Dismiss are duplicative of the arguments in the opposition to the Motion to Amend as to Runnels and Maldonado. Defendant acknowledges in its opposition that Runnels and Maldonado "are subject to the same kind of arbitration challenge as Penhall" and note that they

intend to file a renewed motion to compel arbitration if leave to amend is granted (ECF 82 at 5). As to Defendant's remaining futility arguments, the court finds that numerous factual disputes prevent the court from reaching issues relating to waiver and statutes of limitations at this early stage of the case. The court declines to consider the evidence appended to Defendant's opposition in an attempt to resolve factual disputes that would be more properly resolved in the context of dispositive motions. The court therefore rejects Defendant's futility arguments.

As Plaintiff correctly notes, Defendant's only ground for opposing amendment is futility (ECF 83 at 1). The court agrees that no other grounds for refusing leave to amend are applicable. Granting leave to amend would not result in undue prejudice to Defendant given that this case is in its early stages, and there is no evidence of undue delay or bad faith on the part of Plaintiff. Accordingly, the court concludes that justice requires granting Plaintiff leave to amend.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiff's Motion to Amend (ECF 80). Plaintiff shall file a Second Amended Complaint within seven (7) days.

IT IS SO ORDERED.

DATED this 24 August 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah