Nicole A. Skolout (10223)
TOMCHAK SKOLOUT
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 699-5388
nicole.skolout@tomchaklaw.com

Tarek H. Zohdy (*pro hac vice*) Cody
R. Padgett (*pro hac vice*)
Laura E. Goolsby (*pro hac vice*)
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396
tarek.zohdy@capstonelawyers.com
cody.padgett@capstonelawyers.com
laura.goolsby@capstonelawyers.com
*Attorneys for Plaintiffs*

Christopher D. Moon (*pro hac vice*)
Kevin O. Moon (*pro hac vice*)
MOON LAW APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432
Facsimile: (650) 618-0478
chris@moonlawapc.com
kevin@moonlawapc.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDSAY PENHALL, SARAH MALDONADO, and TIFFANIE RUNNELS, individually, and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> YOUNG LIVING ESSENTIAL OILS, LC, <br><br> Defendant. | **PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF 106], OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING** <br><br> Case No. 2:20-cv-0617-DBB-CMR <br><br> Judge David Barlow <br><br> Magistrate Judge Cecilia M. Romero |

On August 29, 2022, the Court issued an order denying Defendant's Motion to Compel Arbitration and request for a stay of the action. *See* ECF 106. For the Court's convenience, a copy of the Order is attached hereto as Exhibit A. In its Order, the Court determined that the Original Arbitration Agreement is not a valid agreement to arbitrate because certain "conflicting provisions . . . indicate there was no meeting of the minds as to whether Plaintiffs must arbitrate their claims." *Id.* at 9-10. Thereafter, the Court indicated that, as to Plaintiff Penhall, "resolution of the factual disputes relating to Penhall's intent is necessary to determine whether [] Penhall is bound by the 2020 Arbitration Agreement and should therefore be resolved by summary trial."

Plaintiffs respectfully seek clarification of whether, notwithstanding the Court's Order denying Defendant's Motion to Compel Arbitration in its entirety, the Court intends to conduct a summary trial to determine whether Plaintiff Penhall is bound by the 2020 Arbitration Agreement. If the Court is inclined to do so, Plaintiffs respectfully request leave to file supplemental briefing, attached hereto as Exhibit B, explaining that, ***as a matter of law***, even if Plaintiff Penhall were bound by the 2020 Arbitration Agreement, the 2020 Arbitration Agreement does not apply to the claims at issue in this case and therefore Defendant cannot compel arbitration of those claims.[1] Accordingly, a summary trial to determine whether Plaintiff Penhall is bound by the 2020 Arbitration Agreement is unnecessary.


DATED: September 1, 2022

/s/ *Cody Padgett*
CAPSTONE LAW APC
Tarek H. Zohdy (*pro hac vice*)
Cody R. Padgett (*pro hac vice*)
Laura E. Goolsby (*pro hac vice*)

---

[1] Plaintiffs raised similar arguments in their Opposition to Defendant's Motion to Compel Arbitration, which Plaintiffs seek to further elucidate in their supplemental briefing. *See* ECF 101 at 16-19.

MOON LAW APC
Christopher D. Moon (*pro hac vice*)
Kevin O. Moon (*pro hac vice*)

TOMCHAK SKOLOUT
Nicole A. Skolout

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2022, I filed the foregoing **PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TOCOMPEL ARBITRATION [ECF 106], OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING** via the Court's ECF/CM filing system,  which electronically served all counsel of record.

/s/*Cody R. Padgett*