# EXHIBIT B

Nicole A. Skolout (10223)
TOMCHAK SKOLOUT
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 699-5388
nicole.skolout@tomchaklaw.com

Tarek H. Zohdy (*pro hac vice*)
Cody R. Padgett (*pro hac vice*)
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396
tarek.zohdy@capstonelawyers.com
cody.padgett@capstonelawyers.com

Christopher D. Moon (*pro hac vice*)
Kevin O. Moon (*pro hac vice*)
MOON LAW APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432
Facsimile:  (650) 618-0478
chris@moonlawapc.com
kevin@moonlawapc.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDSAY PENHALL, SARAH MALDONADO, and TIFFANIE RUNNELS, individually, and on behalf of a class of similarly situated individuals,<br><br>     Plaintiffs,<br><br> v.<br><br>YOUNG LIVING ESSENTIAL OILS, LC,<br><br>     Defendant. | **SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Case No. 2:20-cv-0617-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

1

## INTRODUCTION

Even if Plaintiff Penhall were bound by the 2020 Agreement, including the 2020 Arbitration Agreement contained therein, the terms of that Agreement preclude it from applying to the claims at issue in this case.[1]   And because the Court has determined that the Original Arbitration Agreement is invalid, Defendant cannot compel arbitration of Plaintiff Penhall's claims.

## ARGUMENT

When Plaintiff Penhall joined Young Living in 2018, she agreed to the 2016 Member Agreement and the 2017 Policies and Procedures ("P&Ps"). *See* SAC at ¶ 112; *see also* ECF 96-1 at 6.[2] The 2017 P&Ps contained the "Original Arbitration Agreement," which the Court determined is invalid.  *See* ECF 106.

Critically, both the 2016 Member Agreement and 2017 Policies and Procedures contained an identical provision ("Retroactive Clause") that states: "Young Living may amend the terms and conditions of the Agreement from time to time. . . . **Amendments will not apply retroactively to conduct that occurred prior to the effective date of the amendment**."  *See* ECF 96-3, Ex. B, § 4;[3] 96-6, Ex. E, § 1.5 (emphasis added). By its express terms, the Retroactive Clause applies to any amendments to the 2016 Member Agreement and 2017 P&Ps, ***including any amendments to the Original Arbitration Agreement.  Id.*** Moreover, an ***identical*** Retroactive Clause is contained

---

[1] To be clear, Plaintiff Penhall is not bound by the 2020 Agreement, including the 2020 Arbitration Agreement, for the reasons articulated in Plaintiffs' Memorandum in Opposition to Defendant Young Living Essential Oil's Motion to Compel Arbitration (ECF 101), which Plaintiffs incorporate by reference.  Plaintiffs assume that Plaintiff Penhall is bound by the 2020 Agreement solely for purposes of this supplemental briefing and do not waive any rights to challenge the validity and enforceability of that Agreement at a later time if necessary.

[2] These two documents, as well as the Compensation Plan, constitute the "Agreement."

[3] In the Member Agreement, "conduct" is referred to as "your actions."

in the 2018 P&Ps and 2020 P&Ps (which contains the 2020 Arbitration Agreement).  *See* ECF 96-7, Ex. F; ECF 96-8, Ex. G.

As relevant here, on January 1, 2020, Defendant amended the Original Arbitration Agreement with the 2020 Arbitration Agreement.  *See* ECF 96-8, Ex. G. However, under the plain terms of the Retroactive Clause, the new, amended 2020 Arbitration Agreement "**will not apply retroactively to <u>conduct</u> that occurred prior to the effective date of the amendment**" (January 1, 2020).  *Id.* (emphasis added).

The conduct at issue in this case concerns Plaintiff Penhall's participation in Defendant's illegal pyramid scheme, which conduct occurred ***years before*** the 2020 Arbitration Agreement became effective on January 1, 2020. Therefore, the Retroactive Clause, as a matter of law, precludes the 2020 Arbitration Agreement from applying to the conduct at issue in this case and on which Plaintiff Penhall's claims are based. Indeed, Plaintiff Penhall filed her lawsuit three months ***before*** the 2020 Arbitration Agreement even became effective. Accordingly, even if Plaintiff Penhall is bound by the 2020 Arbitration Agreement (such as in the event of a future dispute), the 2020 Arbitration Agreement does not require arbitration of the claims at issue in ***this case***, which, again, are based on conduct that occurred well before the 2020 Arbitration Agreement became effective. And because the Original Arbitration Clause is invalid, Defendant cannot compel arbitration of Plaintiff Penhall's claims.

In her Order transferring this case to Utah, District Court Judge Janis Sammartino relied on the Retroactive Clause when she rejected Defendant's request that she consider the 2020 Agreement, explaining: "In its Reply, Defendant produced updated versions of the Agreement and P&P, which it contends Plaintiff agreed to. The Court considers ***only the original agreements***, as the original contained a clause that stated any '[a]mendments will not apply retroactively to

3

conduct that occurred prior to the effective date of the amendment.'" ECF 36-1 at 5, n.1 (internal citations omitted) (emphasis added).

Notwithstanding the clear terms of the Retroactive Clause and Judge Sammartino's reliance on it, in prior briefing, Defendant incorrectly argued that a specific provision in the 2020 P&Ps allows it to disregard the Retroactive Clause and apply the 2020 Arbitration Agreement to the conduct at issue in this case. *See* ECF 96 at 18-20. Specifically, in section 13.2 of the 2020 P&Ps, which contains the 2020 Arbitration Agreement, it states: "Young Living may amend the terms and conditions of this section 13.2 from time to time . . . . Amendments will not apply retroactively to conduct that occurred prior to the effective date of the amendment unless expressly accepted by the member." Importantly, this extremely narrow provision ***only*** applies to ***amendments*** to the 2020 Arbitration Agreement—it does not apply to the 2020 Arbitration Agreement itself. And, by definition, an amendment to the 2020 Arbitration Agreement must necessarily occur ***after*** January 1, 2020, the date when the 2020 Arbitration Agreement became effective.  For example, if in 2023 Defendant amends the 2020 Arbitration Agreement to require that arbitrations must occur in Arizona rather than in Utah, that new, amended 2023 Arbitration Agreement would not apply to conduct that occurred in 2021, for example, unless the Young Living member "expressly accepted" that change.

Therefore, under no plain—or even strained—reading of this provision can Defendant apply the 2020 Arbitration Agreement to the conduct at issue in this case, which occurred years before the 2020 Arbitration Agreement became effective. *See* ECF 96-8, Ex. G.  In addition, such a misguided interpretation would clearly and irreconcilably conflict with the Retroactive Clause, which, by its express terms, precludes any amendment to the Original Arbitration Agreement, ***including the 2020 Arbitration Agreement***, from applying retroactively to the conduct at issue in

4

this case.

## **CONCLUSION**

For the foregoing reasons, even if Plaintiff Penhall were bound by the 2020 Arbitration Agreement, the 2020 Arbitration Agreement does not apply to the claims at issue in this case as a matter of law, and therefore Defendants have no grounds to compel arbitration of Plaintiff Penhall's claims.


DATED:  September 1, 2022

/s/ *Cody Padgett*
CAPSTONE LAW APC
Tarek H. Zohdy (*pro hac vice*)
Cody R. Padgett (*pro hac vice*)
Laura E. Goolsby (*pro hac vice*)

MOON LAW APC
Christopher D. Moon (*pro hac vice*)
Kevin O. Moon (*pro hac vice*)

TOMCHAK SKOLOUT
Nicole A. Skolout

*Attorneys for Plaintiffs*