THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LINDSAY PENHALL, SARAH MALDONADO, and TIFFANIE RUNNELS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNG LIVING ESSENTIAL OILS, LC,<br><br>Defendant. | **ORDER DENYING [121] PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY**<br><br>Case No. 2:20-cv-00617-DBB-CMR<br><br>District Judge David Barlow |

The matter before the court is Plaintiffs' Motion for Leave to File Sur-Reply in Response to Defendant's Reply.[1] Plaintiffs argue that a surreply is necessary to respond to Defendant Young Living Essential Oils, LC's ("Young Living") Reply in Support of Its Objections to the Memorandum Decision and Order of Magistrate Judge Romero.[2] Plaintiffs contend that in the reply brief, Young Living "asserted, for the first time, that Plaintiffs have 'waived' an argument that has been central to [their] case" and that Young Living made several misstatements.[3]

The "standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters *presented to the court for the first time in the opposing party's reply*."[4] Courts have "granted leave to file [a] sur-reply where a party has made

---

[1] Mot. for Leave to File Sur-Reply in Resp. to Def. Reply ("Mot. for Surreply"), ECF No. 121, filed Oct. 6, 2022.
[2] ECF No. 119.
[3] Mot. for Surreply 2.
[4] *Smith v. State Farm Ins. Cos.*, No. 08CV105, 2008 WL 11322946, at *7 (D.N.M. Sept. 24, 2008).

arguments . . . that did not appear in the party's moving papers."[5] As courts have "repeatedly stressed, surreplies are disfavored and are allowed only when there are 'exceptional circumstances compelling the filing of such a pleading.'"[6]

The court finds no exceptional circumstances as to Plaintiffs' surreply. Assuming for the sake of argument that there are misstatements in the reply brief, these alone are not enough to grant leave to file a surreply. The court "do[es] not recognize an issue raised for the first time in a reply brief[, and] [m]isstatements of factual issues fall in the same category."[7] Finally, Young Living's purported new arguments merely address Plaintiffs' arguments raised for the first time in the response brief.[8] Both parties have now had an opportunity to discuss the matter of the retroactivity of the 2020 Arbitration Agreement. "The paper exchanges between parties must have an end point and cannot be permitted to become self[-]perpetuating."[9]

## ORDER

Accordingly, the court DENIES Plaintiffs' Motion for Leave to File Sur-Reply.[10]

Signed October 7, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[5] *Dogs Deserve Better, Inc. v. N.M. Dogs Deserve Better, Inc.*, No. CIV 13-0592, 2016 WL 6396392, at *13 (D.N.M. Oct. 12, 2016).
[6] *Lemaster v. Collins Bus Corp.*, No. 11-2128, 2012 WL 5397996, at *2 (D. Kan. Nov. 2, 2012) (quoting *IMC Chems. v. Niro*, 95 F. Supp. 2d 1198, 1214 (D. Kan. 2000)).
[7] *Johnson v. Yates*, 39 F.3d 1192 (10th Cir. 1994) (unpublished) (citation omitted).
[8] *See* Pls. Resp. in Opp'n to Def. Objs. to Mem. Decision & Order 5–9, ECF No. 118, filed Sept. 27, 2022.
[9] *Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07-0591, 2013 WL 4446770, at *20 (D.N.M. Aug. 2, 2013).
[10] ECF No. 121.